[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
On September 14, 1999, in an oral ruling, the court denied the defendant's motion to dismiss the charges against him and/or to strike or exclude the testimony of one of the state's witnesses, Officer Justine Kaspercyk. The court's ruling was based on the following findings of fact and conclusions of law.
 I FACTS
On November 28, 1998, Officer Kaspercyk and his partner, believing that the defendant matched the description of a man wanted by the Hamden Police Department, asked the defendant to stop. Instead, the defendant ran. Officer Kaspercyk followed, and a foot chase ensued through the rear yards of houses near Carmel Street in New Haven. During the chase, the defendant reached for something and removed his coat. Officer Kaspercyk used his police radio to broadcast that he was involved in a foot chase with a suspect.
The chase ended with a confrontation between the officer and the defendant at or near a garage-like structure. Officer Kaspercyk testified that when confronted, the defendant pulled a gun on him and held it near the officer's head. The defendant, while admitting to possessing a handgun, denied displaying it. Officer Kaspercyk did not make any radio broadcasts immediately prior to nor during the confrontation. It was only after the officer engaged in a physical struggle with the defendant, that he made a radio broadcast. CT Page 9635
The New Haven Police Department records police radio broadcasts on a twenty-four hour taping system. Each twenty-four hour tape has several tracks. One track is used for 911 calls and others are used to record police radio transmissions. The tapes are consecutively numbered, and used and reused in sequential order. The tapes are customarily saved sixty days before reuse. Upon request, the police department will preserved tapes for both investigative purposes and for use in court.
The defendant was arrested on November 28, 1998 and arraigned in court on November 30, 1998. At the time of his arraignment and thereafter, he was represented by counsel from the public defender's office. The tape containing Officer Kaspercyk's radio broadcasts during the apprehension of the defendant was retained by the New Haven Police Department for the customary sixty days. During that time no request was made to preserve the tape. Thereafter on February 8, 1999, the tape was reused. Sixty-nine days after the defendant's arrest, a request was made to preserve the November 28, 1998 tape. By the time the request was received, the tape had been reused and was unavailable.
 II DISCUSSION
Based on the unavailability of the police broadcast tape, the defendant seeks dismissal of the charges against him or to have the testimony of Officer Kaspercyk excluded or stricken. Assuming, without deciding, that Officer Kaspercyk's radio transmissions were "statements" within the meaning of Practice Book § 40-13,[1] the failure to preserve them was not the result of bad faith. See State v. Williamson, 212 Conn. 6, 16
(1989) (the term "bad faith" connotes a deliberate act done with the intent to deprive the defense of information). Accordingly, whether sanctions should be imposed turns on the application of the so-calledAsherman balancing test that weighs the following factors: (1) the materiality of the missing evidence; (2) the likelihood of mistaken interpretation of it by witnesses or the jury; (3) the reason for its nonavailability; and (4) the prejudice caused to the defendant. State v.Morales, 232 Conn. 707, 727 (1995); State v. Asherman, 193 Conn. 695
(1984).
Applying this balancing test to the totality of the circumstances in this case, sanctions in the form of dismissal or otherwise are not required. As to materiality, this court has found that no radio broadcasts was made during the key time when Officer Kaspercyk confronted the defendant near the garage. The other matters about which broadcasts were made were not in serious dispute. For example, the defendant did not deny running from the police, removing his coat, or being arrested after CT Page 9636 a scuffle. What he did deny was pulling a gun on the officer. As to this matter, there were no broadcasts. Thus, the materiality of the reused broadcast tapes was marginal.
There was no likelihood that either witnesses or the jury could mistakenly interpret the missing evidence. While the defense claimed that the tapes were needed for effective cross examination, there was no claim that there absence would mislead either witnesses or the jury about the evidence in the case.
The reason for the nonavailability of the tapes was that no request was made to the New Haven Police Department until after the tapes were reused. The New Haven Police Department had a system in place to preserve tapes for court use. This system was not utilized by the defendant. For over sixty days after the defendant's arrest, the tape was being held at the police department in the event a request to preserve it was received. This time period of retention was twice as long as the thirty days customarily observed. State v. Cain. 223 Conn. 731, 743 (1992). While it is true that the state did not request the tapes preservation, the defense had an equal right to seek (and likely obtain) a court order directing same. This was not done until after the tape had already been reused.
As to prejudice to the defendant, any claim that the broadcasts contained information that would materially contradict Officer Kaspercyk's trial testimony is speculative. As discussed above, no radio transmission was made during the key time when the officer confronted the defendant at the garage. In addition, on November 28, 1998, Officer Kaspercyk gave a sworn statement concerning his apprehension and confrontation with the defendant. This statement was provided to the defense for use during its cross-examination of the officer. The defense also had the records of the police communications department (so-called CAD records) that were used during the cross-examination. These records contained the police codes that were used to describe the police investigation. In sum, the defendant was not prejudiced by the unavailability of the radio broadcast tape.
For the reasons set forth above, the motion to dismiss the charges is denied. The request to strike or exclude the testimony of Officer Kaspercyk is also denied.
So Ordered at New Haven, Connecticut this 10th day of August, 2000.